Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Lauren K. Katzenellenbogen (SBN 223,370)
lauren.katzenellenbogen@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Kent N. Shum (SBN 259,189)
kent.shum@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
5.11, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| 5.11, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINE LINE APPAREL, INC., a Georgia corporation,<br><br>Defendant. | Civil Action No. 8:16-cv-1057<br><br>**COMPLAINT FOR TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff 5.11, Inc. ("5.11") hereby complains of Defendant Nine Line Apparel, Inc. ("Nine Line") and alleges as follows:

## THE PARTIES

1.     Plaintiff 5.11 is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1360 Reynolds Avenue #101, Irvine, California 92614.

2.     5.11 is informed and believes, and thereon alleges, that Defendant Nine Line is a corporation organized and existing under the laws of the State of Georgia, having its principal place of business at 1732 East President Street, Savannah, Georgia 31404.

3.     5.11 is informed and believes, and thereon alleges, that Defendant regularly conducts business in, and has committed the acts alleged herein, within this judicial district.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over the claims in this action for trade dress infringement, false designation of origin and federal unfair competition pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims in this action that arise under state law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.     This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic and substantial presence within this judicial district, including by selling and offering for sale infringing products in this judicial district and by committing acts of trade dress infringement in this judicial district, including but not limited to selling infringing products directly to consumers and/or retailers in this district and selling into the stream of

Complaint

commerce knowing such products would be sold in California and this district. These acts of Defendant form a substantial part of the events or omissions giving rise to 5.11's claim.

6.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (d).

## GENERAL ALLEGATIONS

7.  5.11 is actively engaged in the manufacture and sale of high quality tactical clothing, uniforms and tactical gear and focuses on creating superior products that enhance the safety, accuracy, speed and performance of law enforcement, military, firefighting and other first responder professionals.  5.11 leads its industry with innovative products that are built on a foundation of durability, quality and value.

8.  5.11's s tactical clothing, uniforms and tactical gear have enjoyed substantial success, are well-known in the industry, and are protected by various intellectual property rights owned by 5.11.

9.  5.11 manufactures and sells backpacks under the name RUSH72™. 5.11's RUSH72™ backpacks bear a distinctive trade dress in the overall design ("RUSH72 Trade Dress").  An example of a 5.11 product bearing the distinctive RUSH72 Trade Dress is shown in the photographs attached as Exhibit A.  The RUSH72 Trade Dress is not functional.  The design features embodied by the RUSH72 Trade Dress are not essential to the function of the product, do not make the product cheaper or easier to manufacture, and do not affect the quality of the product.  The design of the RUSH72 Trade Dress is not a competitive necessity.

10.  As a result of 5.11's widespread use and display of the RUSH72 Trade Dress in association with its backpacks, (a) the public has come to recognize and identify backpacks bearing the RUSH72 Trade Dress as emanating from 5.11, (b) the public recognizes that products bearing the

1  RUSH72 Trade Dress constitute high quality products that conform to the

2  specifications created by 5.11, and (c) the RUSH72 Trade Dress has established

3  strong secondary meaning and extensive goodwill.

4      11.    5.11 is informed and believes, and thereon alleges, that Defendant

5  has deliberately copied 5.11's RUSH72 Trade Dress.

6                        **FIRST CLAIM FOR RELIEF**

7                   (Federal Trade Dress Infringement)
                        (15 U.S.C. § 1125(a))
8

9      12.    5.11 repeats and re-alleges the allegations of paragraphs 7-11 of

10  this Complaint as if set forth fully herein.

11      13.    This is a claim for trade dress infringement under 15 U.S.C.

12  § 1125(a).

13      14.    Subsequent to 5.11's use and adoption of the RUSH72 Trade

14  Dress, Defendant has sold, offered for sale, distributed, advertised, promoted

15  and/or imported into the United States products that use trade dress that is

16  confusingly similar to the RUSH72 Trade Dress.  For example, Defendant's

17  *Venture 72* backpack uses trade dress that is confusingly similar to 5.11's

18  RUSH72 Trade Dress.  The RUSH72 Trade Dress and Defendant's *Venture 72*

19  backpack are shown below.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

| 5.11's RUSH72 Trade Dress | Nine Line *Venture 72* Backpack |
|---|---|



15.    Defendant's use of the RUSH72 Trade Dress and/or trade dress that is confusingly similar thereto in connection with the sale, offer for sale, distribution, advertising, promotion and/or importation into the United States of Defendant's products is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with 5.11.

16.    5.11 is informed and believes, and thereon alleges, that Defendant's acts of trade dress infringement were undertaken willfully with the express intent to cause confusion, and to mislead and deceive the purchasing public.

17.    5.11 is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from Defendant's trade dress infringement in an amount that is not currently known to 5.11.  By reason of Defendant's actions, constituting trade dress infringement, 5.11 has been damaged and is entitled to monetary

Complaint

1  relief in an amount to be determined at trial.

2      18.    Due to Defendant's actions, which constitute trade dress

3  infringement, 5.11 has suffered and continues to suffer great and irreparable

4  injury, for which 5.11 has no adequate remedy at law.

5      19.    Pursuant to 15 U.S.C. § 1117, 5.11 is entitled to recover

6  Defendant's profits, damages sustained by 5.11, and the costs of this action.

7  5.11 is also entitled to recover enhanced damages and 5.11's reasonable

8  attorneys' fees because this is an exceptional case.

9  **SECOND CLAIM FOR RELIEF**

10  (Federal Unfair Competition & False Designation of Origin)
(15 U.S.C. § 1125(a))
11

12      20.    5.11 repeats and re-alleges the allegations of paragraphs 1-19 of

13  this Complaint as if set forth fully herein.

14      21.    This is a claim for unfair competition and false designation of

15  origin arising under 15 U.S.C. § 1125(a).

16      22.    Defendant's use of the RUSH72 Trade Dress and/or trade dress

17  confusingly similar thereto in connection with the sale, offer for sale,

18  distribution, advertising, promotion and/or importation into the United States of

19  Defendant's products without 5.11's consent constitutes a false designation of

20  origin, which is likely to cause confusion, to cause mistake, or to deceive as to

21  the affiliation, connection, or association of Defendant with 5.11, or as to the

22  origin, sponsorship, or approval of Defendant's goods and/or commercial

23  activities by 5.11 in violation of 15 U.S.C. § 1125(a) and constitutes unfair

24  competition with 5.11.

25      23.    Defendant's use of the RUSH72 Trade Dress and/or trade dress

26  confusingly similar thereto in connection with the sale, offer for sale,

27  distribution, advertising, promotion and/or importation into the United States of

28  Defendant's products without 5.11's consent constitutes a false designation of

origin, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods or commercial activities in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with 5.11.

24.  Such conduct by Defendant is likely to confuse, mislead and deceive Defendant's customers, purchasers and members of the public as to the origin of the RUSH72 Trade Dress or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by 5.11 or are in some way affiliated or connected with 5.11, all in violation of 15 U.S.C. § 1125(a), and constitutes unfair competition with 5.11.

25.  5.11 is informed and believes, and thereon alleges, that Defendant's actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

26.  5.11 is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from Defendant's unfair competition and false designation of origin in an amount that is not currently known to 5.11.  By reason of Defendant's actions, constituting unfair competition and false designation of origin, 5.11 has been damaged and is entitled to monetary relief in an amount to be determined at trial.

27.  Due to Defendant's actions, which constitute unfair competition and false designation of origin, 5.11 has suffered and continues to suffer great and irreparable injury, for which 5.11 has no adequate remedy at law.

28.  Pursuant to 15 U.S.C. § 1117, 5.11 is entitled to recover Defendant's profits, damages sustained by 5.11, and the costs of this action. 5.11 is also entitled to recover enhanced damages for Defendant's infringing acts and 5.11's reasonable attorneys' fees because this is an exceptional case.

/ / /

### **THIRD CLAIM FOR RELIEF**

(California Unfair Competition)

29.     5.11 repeats and re-alleges the allegations of paragraphs 1-28 of this Complaint as if set forth fully herein.

30.     This is a claim for unfair competition, arising under California Business & Professions Code § 17200, *et seq*., and California common law.

31.     Defendant's acts of trade dress infringement and false designation of origin complained of herein constitute unfair competition with 5.11 under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200, *et seq.*

32.     5.11 is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from Defendant's unfair competition in an amount that is not currently known to 5.11.  By reason of Defendant's wrongful acts as alleged in this Complaint, 5.11 has been damaged and is entitled to monetary relief in an amount to be determined at trial.

33.     By its actions, Defendant has injured and violated the rights of 5.11 and has irreparably injured 5.11, and such irreparable injury will continue unless Defendant is enjoined by this Court.

**WHEREFORE**, 5.11 prays for judgment in its favor against Defendant for the following relief:

A.     That the Court find for 5.11 and against Defendant on 5.11's claims of trade dress infringement, false designation of origin and unfair competition complained of in this Complaint.

B.     That Defendant's acts of trade dress infringement, false designation of origin and unfair competition complained of in this Complaint be deemed willful, that this be deemed an exceptional case and that 5.11 be entitled to enhanced damages.

Complaint

C.    A preliminary and permanent injunction against Defendant, its officers, agents, servants, employees, representatives, successors and assigns and all persons, firms, and corporations in active concert or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1. using 5.11's RUSH72 Trade Dress or any other trade dress that is confusingly similar to the RUSH72 Trade Dress;

2. falsely designating the origin of Defendant's goods;

3. unfairly competing with 5.11 in any manner whatsoever;

4. making false or misleading statements, descriptions of fact, or false or misleading representations of fact;

5. causing a likelihood of confusion or injuries to 5.11's business reputation; or

6. manufacturing, using, displaying, distributing, or selling any goods that infringe 5.11's RUSH72 Trade Dress;

D.    That an accounting be ordered to determine Defendant's profits resulting from its trade dress infringement, false designation of origin and unfair competition and that 5.11 be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including:

1. all profits received by Defendant from sales and revenues of any kind made as a result of its trade dress infringement, false designation of origin and/or unfair competition, said amount to be trebled;

2. all damages sustained by 5.11 as a result of Defendant's acts of trade dress infringement, false designation of origin and unfair competition and that such damages be trebled; and

3. that, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions, this Court award to 5.11 all reasonable attorneys' fees, costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

E. That Defendant be adjudged to have competed unfairly with 5.11 under the common law of the State of California and that Defendant's actions in doing so be adjudged willful and malicious;

F. For an Order adjudging Defendant to have competed unfairly with 5.11 under California Business & Professions Code § 17200, *et seq.*, and that Defendant's actions in doing so be adjudged intentional, willful and done knowingly;

G. For a permanent injunction enjoining Defendant, its officers, agents, servants, employees and attorneys and those persons in active concert or participation with them, from engaging in any act or practice which constitutes unfair competition against 5.11;

H. For an award to 5.11 of any and all other specific, general and compensatory damages according to proof;

I. For an order that the actions of Defendant were willful, intentional and/or malicious and awarding 5.11 punitive damages;

J. An award of pre-judgment and post-judgment interest against Defendant; and,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Complaint

1    K.    Such other and further relief as this Court may deem just.

2                        Respectfully submitted,

3                        KNOBBE, MARTENS, OLSON & BEAR, LLP

4

5

6    Dated: June 7, 2016          By: /s/ Ali S. Razai

7                                 Michael K. Friedland
                                  Lauren K. Katzenellenbogen
                                  Ali S. Razai
8                                 Kent N. Shum

9                                 Attorneys for Plaintiff
                                  5.11, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -                                    Complaint

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff 5.11, Inc. hereby demands a trial by jury on all issues so triable.

3

4

Respectfully submitted,

5

KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7

8

Dated: June 7, 2016          By: */s/ Ali S. Razai*

9

Michael K. Friedland
Lauren K. Katzenellenbogen

10

Ali S. Razai
Kent N. Shum

11

Attorneys for Plaintiff

12

5.11, INC.

13

14

23469946

15

16

17

18

19

20

21

22

23

24

25

26

27

28